**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2008-16T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

DANA HARRIS, SR.,

      Defendant-Appellant.

_____

Argued September 20, 2018 – Decided October 2, 2018

Before Judges Fuentes, Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 07-04-0543.

Charles P. Savoth, III, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Charles P. Savoth, III, on the briefs).

Randolph E. Mershon, III, Assistant Prosecutor, argued the cause for respondent (Angelo J. Onofri, Mercer County Prosecutor, attorney; Laura Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dana Harris, Sr., appeals from an order denying his post-conviction relief (PCR) petition without an evidentiary hearing. Because we are convinced the PCR court correctly determined defendant did not establish a prima facie claim of ineffective assistance of his trial counsel, we affirm.

I.

Defendant was charged in an indictment with first-degree robbery, N.J.S.A. 2C:15-1; third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and fourth-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7(a). He waived his right to a trial by jury and proceeded to a bench trial.

The evidence showed that on February 3, 2007, a Hamilton Township grocery store manager was operating one of the store's five cash registers when an individual, later identified as defendant, asked to purchase a plastic bag. The manager sold defendant the plastic bag, and defendant walked away. A few minutes later the manager saw defendant walk through an aisle past an unattended cash register, carrying packages of meat in his hands. The manager

A-2008-16T1

observed defendant proceed to a nearby bagging table and put the packages in the plastic bag.

The manager had not seen defendant pay for the meat, so he requested that defendant produce a receipt. In response, defendant took the bag, in which he had placed the packages of meat, and ran out of the store.

The manager followed defendant down the street outside of the store, and then down a side street. According to the manager, defendant "reached down to a pile of garbage [that was on the sidewalk] and grabbed a board." As defendant continued to flee, he held the bag of meat in one hand and the board in his other hand. The manager continued pursuing defendant, yelled for him to stop and told defendant to "give it up," meaning return the stolen merchandise to the manager. Defendant "turned around," and the manager stood six or seven feet away from him. Defendant then swung the board in an attempt to strike the manager, but missed him.

The force of defendant's motion in swinging the board carried him toward the manager, who grabbed defendant's coat in order to prevent defendant from having "another opportunity to swing at [him] again." The manager grabbed defendant's jacket, and defendant, who had dropped the board, struck the manager with a fist on the right side of the manager's head.

3

A store security guard arrived and physically subdued defendant. Several minutes later, Hamilton Township police officers arrived. They conducted a pat down search of defendant and recovered from his jacket fourteen bags of shrimp he had stolen from the grocery store. The total value of the items defendant stole from the store was approximately $110. The police recovered the board defendant swung at the store manager.

The judge found defendant not guilty of first-degree robbery, but determined he was guilty of the lesser-included offense of second-degree robbery and each of the remaining charges. After merger of the offenses, the court sentenced defendant to an aggregate seven-year term subject to the requirements of the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendant's convictions and sentence on direct appeal. State v. Harris, No. A-0607-08 (App. Div. May 5, 2010).

Two years later, defendant filed a pro se PCR petition asserting ineffective assistance of his trial counsel. Defendant claimed his trial counsel's performance was deficient because: defendant was denied the opportunity to discuss and prepare his case with his counsel; counsel did not obtain a complete copy of the discovery materials; counsel "failed to subpoena the only witness" and therefore denied defendant his right of confrontation; counsel did not keep

defendant informed of the "nature and course of the charges"; and counsel failed to adequately communicate with defendant during the proceedings.

Defendant's assigned PCR counsel argued trial counsel was ineffective by failing to provide defendant with a complete copy of the discovery materials. He also asserted that trial counsel failed to conduct an adequate investigation of the incident and failed to discuss trial strategy with defendant. Last, he argued trial counsel was ineffective by failing to subpoena the grocery store security guard who assisted the store manager in subduing defendant, and failing to meet with defendant prior to sentencing.

After hearing argument, the PCR court issued a written decision denying the PCR petition without an evidentiary hearing. The court determined defendant failed to present sufficient evidence establishing that either his trial counsel's performance was deficient or that any of counsel's purported errors prejudiced defendant. This appeal followed.

On appeal, defendant presents the following arguments for our consideration:

> POINT I
>
> DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF PRETRIAL AND TRIAL COUNSEL, WHEN THEY FAILED TO ARGUE

SELF-DEFENSE IN ACCORDANCE WITH N.J.S.A. 2C:3-4 AND THE LESSER CHARGE OF SHOPLIFTING IN ACCORDANCE WITH N.J.S.A. 2C:20-11(B).

POINT II

THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTIONS HIS PRETRIAL AND TRIAL COUNSEL FAILED TO ADVISE HIM OF TRIAL STRATEGY AND DEFENSES, ULTIMATELY RESULTING IN A FAR GREATER SENTENCE [THAN] WAS APPROPRIATE.

POINT III

PCR COUNSEL DENIED DEFENDANT EFFECTIVE ASSISTANCE OF COUNSEL, CONSTITUTING PLAIN ERROR, WHEN COUNSEL FAILED TO RAISE THE COMPLAINED OF ERRORS OF PRETRIAL AND TRIAL COUNSEL IN PETITION BRIEFS, [AND] AT PCR ARGUMENT.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). The de novo standard of review applies to mixed questions of fact and law. Id. at 420. Where, as here, an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review

6

of both the factual findings and legal conclusions of the PCR court." Id. at 421. We apply that standard here.

An evidentiary hearing on a PCR petition is required where a defendant establishes a prima facie case for PCR under the standard established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 686 (1984), and the existing record is inadequate to resolve defendant's claim, State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)); see also State v. Preciose, 129 N.J. 451, 462-63 (1992). Under Strickland, a defendant first must show that his or her attorney's handling of the matter "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; see also State v. Fritz, 105 N.J. 42, 58 (1987). A defendant also must show there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Fritz, 105 N.J. at 60-61.

Courts hearing a PCR petition should grant evidentiary hearings to resolve ineffective-assistance-of-counsel claims if a defendant presents a prima facie claim in support of post-conviction relief. Preciose, 129 N.J. at 462. To establish a prima facie claim a defendant must do more than make bald assertions that he or she was denied effective assistance of counsel; he or she

must allege specific facts sufficient to demonstrate counsel's alleged substandard performance. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). PCR petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity," State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to demonstrate counsel's alleged substandard performance," ibid. (quoting Porter, 216 N.J. at 355).

Defendant argues for the first time on appeal that his pretrial and trial counsel[1] were ineffective by failing to argue that he acted in self-defense in accordance with N.J.S.A. 2C:3-4, and failed to request that the court consider the lesser-included charge of shoplifting in accordance with N.J.S.A. 2C:20-11(b). Defendant's failure to raise the issue before the PCR court requires rejection of it here because we generally do not consider issues raised for the first time on appeal unless they "go to the jurisdiction of the trial court or concern matters of great public interest." State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

---

[1] Defendant had an attorney who represented him during certain pretrial proceedings and another attorney who represented him during other pretrial proceedings and trial. For purposes of the analysis of defendant's claims on appeal, it is unnecessary to distinguish between his two counsel, and he does not distinguish them. In any event, the primary focus of his ineffective assistance of counsel claims is the attorney who represented him at trial.

Moreover, in neither defendant's PCR petition nor his brief on appeal does he identify any evidence in the trial record supporting the justification of self-defense under N.J.S.A. 2C:3-4. "A person may justifiably use force against another if he 'reasonably believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.'" State v. Galicia, 210 N.J. 364, 389 (2012) (quoting N.J.S.A. 2C:3-4(a)). However, "[i]t is generally accepted that one who provokes or initiates an assault cannot escape criminal liability by invoking self-defense as a defense to a prosecution arising from the injury done to another. The right to self-defense is only available to one who is without fault." State v. Rivers, 252 N.J. Super. 142, 149 (App. Div. 1991). The justification of "self-defense is . . . unavailable if a lesser degree of force could have been used to respond to an attack." Galicia, 210 N.J. at 390.

Here, there is no evidence the manager possessed any weapons, threatened the use of force, or first used force against defendant. The manager did nothing more than pursue defendant and request that he stop and return the stolen items. The evidence showed the manager stood six or seven feet away from defendant when defendant chose to swing the board in an attempt to assault the manager. In response, the manager simply grabbed defendant's coat to prevent him from

9

swinging the board again. There is no evidence supporting an actual, honest, reasonable belief by defendant that he needed to use the force of a board or his fist to protect himself against the use of force by the manager. See Galicia, 210 N.J. at 389 (quoting State v. Perry, 124 N.J. 128, 161 (1991)) ("To avail himself [or herself] of the justification of self-defense, the actor must have an 'actual, honest, reasonable belief' in the necessity of using force."). The evidence showed only that defendant was attempting to flee from his commission of a theft, and initiated an unprovoked and unjustified assault on the manager to avoid apprehension. Under such circumstances, the justification of self-defense was unavailable to him. Rivers, 252 N.J. Super. at 149.

An attorney is not ineffective by failing to assert a legal argument that lacks merit. State v. O'Neal, 190 N.J. 601, 619 (2007); State v. Worlock, 117 N.J. 596, 625 (1990). Trial counsel's performance was not deficient by failing to assert a defense that had no basis in the evidence, and defendant has not, and could not, demonstrate he suffered any prejudice as a result of his counsel's failure to raise a meritless defense. Thus, defendant's contention his counsel were ineffective by failing to assert the justification of self-defense fails under both prongs of the Strickland standard.

A-2008-16T1

We also reject defendant's contention his trial counsel was ineffective by failing to request that the court consider the offense of shoplifting, N.J.S.A. 2C:20-11(b), as a lesser-included offense under the robbery charged in the indictment. The argument is unavailing because it is undermined by the record. See State v. Alexander, 233 N.J. 132, 142-43 (2018). In his summation, defense counsel argued defendant's taking of the meat and shrimp from the store was a theft that was completed when he left the store. He also argued the theft constituted shoplifting and stated that, "[i]f the [c]ourt looks at the shoplifting statute, and the [c]ourt could look at the shoplifting statute as a lesser included offense . . . ." Thus, trial counsel clearly argued the court should consider shoplifting as a lesser-included offense.

Defendant next reprises his contention that his trial counsel's performance was deficient in what defendant characterizes as "the fundamental trilogy of deficiencies: trial counsel failed to discuss trial strategy or defenses; [trial counsel] failed to prepare a defense; and [trial counsel] failed to adequately communicate throughout the case." "Although a demonstration of prejudice constitutes the second part of the Strickland analysis, courts are permitted leeway to choose to examine first whether a defendant has been prejudiced . . . and if not, to dismiss the claim without determining whether counsel's

performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012).

Defendant's assertions concerning the alleged trilogy of his trial counsel's deficiencies are untethered to any demonstration of prejudice. His PCR petition and submissions to the PCR court are unencumbered by any affidavit, certification or any other competent evidence establishing a reasonable probability that but for his counsel's alleged errors, the result of his trial or sentencing proceeding would have been different. See Strickland, 466 U.S. at 694. Indeed, defendant's submissions to the PCR court and on appeal are bereft of any evidence satisfying the second prong of the Strickland standard. A petitioner must establish both prongs of the Strickland standard to obtain a reversal of the challenged conviction. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 52. Defendant's failure to establish that he was prejudiced under the second prong of the Strickland standard requires denial of his PCR petition, Strickland, 466 U.S. at 700, without an evidentiary hearing, ibid.; Porter, 216 N.J. at 355.

Last, we reject defendant's contention that his PCR counsel was ineffective by failing to argue before the PCR court that trial counsel was ineffective by failing to argue self-defense and for the trial court's consideration

A-2008-16T1

of the lesser-included offense of shoplifting.  For the reasons noted and based on the trial and PCR records, we are convinced there is no merit to the claim trial counsel was ineffective by failing to argue self-defense or for consideration of the lesser-included offense of shoplifting.  PCR counsel was not ineffective by failing to make a meritless argument concerning trial counsel's performance. See O'Neal, 190 N.J. at 619.  Thus, the record on appeal is devoid of any evidence showing PCR counsel's performance was deficient because he did not assert that trial counsel erred by failing to argue self-defense or for consideration of the lesser-included offense of shoplifting,  Strickland, 466 U.S. at 688; Fritz, 105 at 58, or that there is a reasonable probability that but for PCR counsel's purported errors, the result of the PCR proceeding would have been different, Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 60-61.

Any remaining arguments we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2008-16T1