**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3725-17T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JAMIE FRANKLIN, a/k/a
JAMIE JERMANY FRANKLIN,
JAMIE J. FRANKLIN, and
JAY-JAY,

      Defendant-Appellant.

_____

> Argued October 7, 2019 – Decided November 27, 2019
>
> Before Judges Sabatino, Geiger and Natali.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 17-06-0374, 17-06-0389, and 17-06-0437.
>
> Stephen P. Hunter, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Stephen P. Hunter, of counsel and on the briefs).
>
> Sarah C. Hunt, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney

General, attorney; Sarah C. Hunt, of counsel and on the brief).

PER CURIAM

Defendant Jamie Franklin was charged with first-degree gang criminality, N.J.S.A. 2C:33-29 (the gang criminality count), and numerous other crimes. He moved to dismiss the gang criminality count, arguing that N.J.S.A. 2C:33-29 is unconstitutional because it is facially vague—providing inadequate notice of the conduct it prohibits and minimal guidelines to govern law enforcement—and overbroad—infringing his rights of free speech and association. The trial court denied the motion. Defendant subsequently entered into a plea agreement resolving the charges brought against him in three indictments. The plea agreement included dismissal of the gang criminality count. Defendant was sentenced in accordance with the plea agreement. The gang criminality count was dismissed. He appeals from the denial of his motion to dismiss the gang criminality count. In the alternative, he argues that the judgment of conviction should be amended to specify the order that the prison terms imposed are served.

For the reasons that follow, we concur with the trial court and likewise conclude that N.J.S.A. 2C:33-29 does not violate the constitutional principles invoked by defendant. We therefore affirm the denial of the motion to dismiss

A-3725-17T3

the gang criminality count, but remand to amend the judgment of conviction to set forth the sequence that the sentences imposed are to be served.

## I.

In October 2015, the Jersey City Police Department obtained a communications data warrant for defendant's Facebook account based upon probable cause that defendant was engaged in gang criminality as a member of the "M.O.B. Piru Bloods" criminal street gang.[1]  Police reviewed incriminating Facebook conversations between defendant and other members of the Bloods gang.  Defendants and his cohorts allegedly discussed:  (1) using guns for gang activity; (2) buying, selling, and trading guns and ammunition; (3) participating in and coordinating the buying, selling, and manufacturing of crack cocaine, PCP, and Percocet; (4) committing armed robberies and how the proceeds would be divided; and (5) targeting members of rival gangs for robberies and other violence.

The investigation culminated in numerous charges being brought against defendant and eleven-co-defendants, including six that were also charged with gang criminality.  A Hudson County Grand Jury returned a fifty-three count

---

[1]  According to the indictment, the M.O.B. Piru sect is also known as "Parkside," "5 Blocks," and "G'Z."

indictment (Indictment No. 17-06-0374). Fifteen of those counts pertained to defendant, charging him with first-degree gang criminality (count one); third-degree conspiracy to distribute a controlled dangerous substance (CDS), (counts two, four, and five); second-degree conspiracy to distribute CDS (count three), second-degree conspiracy to commit unlawful possession of a handgun (count six); second-degree conspiracy to commit robbery (count seven); third-degree distribution of CDS (count eleven); third-degree distribution of CDS in a school zone (count twelve); second-degree distribution of CDS near a public park (count thirteen); third-degree hindering apprehension (count fourteen); second-degree unlawful possession of a handgun (count fifteen); third-degree receiving stolen property (count sixteen); fourth-degree unlawful possession of a firearm by a minor (count seventeen); and third-degree endangering the welfare of a child (count eighteen).

The grand jury also returned two other single count indictments against defendant. Indictment No. 17-06-0389 charged defendant with second-degree unlawful possession of an assault firearm, N.J.S.A. 2C:39-5(f). Indictment No. 17-06-0437 charged defendant with third-degree bail jumping, N.J.S.A. 2C:29-7.

A-3725-17T3

Defendant moved to dismiss the gang criminality count, challenging the constitutionality of N.J.S.A. 2C:33-29. The trial court issued an order and written opinion denying the motion.

Defendant then entered into a plea agreement, pleading guilty to the single counts of Indictment Nos. 17-06-0389 and 17-06-0437, and the following counts of Indictment No. 17-06-0374: second-degree conspiracy (count three); third-degree distribution of CDS (count eleven); and an amended charge of fourth-degree aggravated assault by pointing a firearm, N.J.S.A. 2C:12-1(b)(4) (count fifteen). In exchange, the State agreed to dismiss the remaining charges against defendant, including the gang criminality count, and to recommend an aggregate term of six and one-half years, subject to a five-year period of parole ineligibility.

More specifically, the State would recommend the following prison terms: (1) on Indictment 17-06-0374, concurrent three-year flat terms on counts three and eleven, to be served consecutively to an eighteen-month term, subject to eighteen months of parole ineligibility on count fifteen; (2) a five-year prison term, subject to forty-two months of parole ineligibility on count one of Indictment No. 17-06-0389, to run concurrently with counts three and eleven of Indictment No. 17-06-0374; and (3) a three-year flat term on count one of

Indictment No. 17-06-0437, to run concurrently with counts three and eleven of Indictment No. 17-06-0374.

In answer to question 4(e) of the standard plea form, defendant indicated he was waiving his right to appeal the denial of all pretrial motions except his motion to dismiss Indictment No. 17-06-0374, and expressly cited Rule 3:9-3(f).

At sentencing, there was no explicit mention of the conditional nature of the plea that preserved the right to appeal the denial of the motion to dismiss.[2] The prosecutor did not indicate his consent to the conditional plea and the judge did not expressly approve it.

The defense requested that the sentence on count fifteen of Indictment No. 17-06-0374 be served first before the other counts. The State took no position on defendant's request to serve that prison term first and requested the court to sentence defendant in accordance with the terms of the plea agreement. The trial court found aggravating factors three (risk the defendant will commit another offense), N.J.S.A. 2C:44-1(a)(3), and nine (need for deterring defendant

---

[2] Near the conclusion of the sentencing hearing, defendant's trial counsel stated, "Judge, I did execute the notice of appeal rights with [defendant]. He signed it. A copy is with the [c]ourt. Thank you." That was the only mention of the right to appeal.

and others from violating the law), N.J.S.A. 2C:44-1(a)(9), and no mitigating factors.

The court sentenced defendant in accordance with the plea agreement to an aggregate six and one-half-year prison term subject to five years of parole ineligibility. The court stated that "all sentences are concurrent with each other and consecutive to [c]ount [fifteen]." When trial counsel asked the court to confirm that it had no objection to the eighteen-month term on count fifteen being served first, the court stated:

> Right. And well, that's why I sentenced it that way because the judgment of conviction is going to indicate the first sentence is [eighteen] months with [eighteen] months of parole ineligibility] and then the next sentence will be everything running concurrent to each other and consecutive. I'll indicate on the judgment of conviction that the [eighteen] with [eighteen] should be served first.

The judgment of conviction did not so indicate. An amended judgment of conviction stated count eleven "is to run consecutive to count [fifteen] and concurrent with count [three] and indictments 17-06-437 and 17-06-389." This appeal followed.

On appeal, defendant raises the following points:

> POINT I.
> THE GANG CRIMINALITY STATUTE, N.J.S.A. 2C:33-29, IS UNCONSTITUTIONAL BECAUSE IT

IS FACIALLY VAGUE, FAILING TO PROVIDE BOTH ADEQUATE NOTICE OF WHAT CONDUCT IT PROHIBITS AND MINIMAL GUIDELINES TO GOVERN LAW ENFORCEMENT.

POINT II.
N.J.S.A. 2C:33-29 IS ALSO UNCONSTITUTIONAL BECAUSE IT IS OVERLY BROAD, INFRINGING UPON THE RIGHTS TO FREE SPEECH AND ASSOCIATION.

POINT III.
THE JUDGMENTS OF CONVICTION SHOULD BE AMENDED TO EXPRESSLY INDICATE THE CORRECT ORDER THAT THE CONSECUTIVE SENTENCES WILL BE SERVED.

## II.

### A.

We first address whether defendant waived his right to appeal from the denial of his motion to dismiss the gang criminality count. Defendant argues his plea was conditional. Question 4(e) of defendant's plea form states defendant waived his "right to appeal the denial of all other pretrial motions except the following: [Indictment No. 17-06-374] motion to dismiss Indictment[,] R. 3:9-3(f)." However, the court did not give its approval on the record to defendant reserving the right to appeal from the denial of his motion to dismiss the gang criminality count during either the plea colloquy or the sentencing hearing. Nor did the prosecutor consent on the record to preservation of that right to appeal.

8

"Generally, a guilty plea constitutes a waiver of all issues which were or could have been addressed by the trial judge before the guilty plea." State v. Davila, 443 N.J. Super. 577, 585 (App. Div. 2016) (quoting State v. Robinson, 224 N.J. Super. 495, 498 (App. Div. 1988)). With limited exception, the waiver applies to claims of constitutional violations. See State v. Knight, 183 N.J. 449, 470 (2005) ("[A] defendant who pleads guilty is prohibited from raising, on appeal, the contention that the State violated his constitutional rights prior to the plea." (quoting State v. Crawley, 149 N.J. 310, 316 (1997))); State v. J.M., 182 N.J. 402, 410 (2005) ("failure to enter a conditional plea under Rule 3:9-3(f) generally bars appellate review of non-Fourth Amendment constitutional issues").

The waiver rule has three exceptions. Knight, 183 N.J. at 471. The first exception pertains to challenges to an unlawful search and seizure of evidence after entering a guilty plea. R. 3:5-7(d). The second exception pertains to an appeal from an order denying entry into the pretrial intervention program. R. 3:28-6(d). The third exception is an appeal from an adverse determination of a pre-trial motion "specifically reserved by a conditional guilty plea entered in accordance with [Rule 3:9-3(f)]." State v. Davila, 443 N.J. Super. 577, 586 (App. Div. 2016). Here, only the third exception is relevant.

A-3725-17T3

Rule 3:9-3(f) provides in pertinent part:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving on the record the right to appeal from the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, the defendant shall be afforded the opportunity to withdraw his or her plea.
>
> [R. 3:9-3(f) (emphasis added).]

"Ordinarily, a guilty plea conditioned on the reservation of the right to appeal must be approved by the plea judge and the reservation must be placed 'on the record.'" State v. Nicolas, ___ N.J. Super. ___, ___ (App. Div. 2019) (slip op. at 4) (quoting Davila, 443 N.J. Super. at 586).

By not reserving the right to appeal on the record with the consent of the prosecutor and the approval of the court, defendant waived his right to seek appellate review of the denial of the motion to dismiss the gang criminality count.

### B.

For the sake of completeness, we also address whether defendant's challenges to the constitutionality of N.J.S.A. 2C:33-29 are also moot. Here, as part of his negotiated plea, defendant seeks to appeal a pre-trial motion relating only to the gang criminality count, which was dismissed at sentencing pursuant

A-3725-17T3

to the terms of the plea agreement. The State argues the issue of the constitutionality of N.J.S.A. 2C:33-29 is moot. Conversely, defendant argues that if we reverse the trial court's determination that N.J.S.A. 2C:33-29 is constitutional, he should be permitted to withdraw his guilty plea and negotiate a better plea agreement because he would no longer be facing the first-degree gang criminality count.

In <u>Davila</u>, we faced a functionally identical issue. 443 N.J. Super. at 583-84. We explained that our courts "do not resolve issues that have become moot due to the passage of time or intervening events." <u>Id.</u> at 584 (quoting <u>City of Camden v. Whitman</u>, 325 N.J. Super. 236, 243 (App. Div. 1999)). Nor do we render advisory opinions. <u>Ibid.</u> We held "that if a pre-trial motion only affects a dismissed count, an appeal of that pre-trial motion presents a moot, non-justiciable question." <u>Id.</u> at 585. Accordingly, upon dismissal of the gang criminality count pursuant to the plea agreement, defendant's constitutional challenge to N.J.S.A. 2C:33-29 became moot. <u>Ibid.</u>

C.

Although "defendant's appeal of a pre-trial motion relating only to a dismissed count is moot," <u>Davila</u>, 443 N.J. Super. at 581, "the New Jersey Constitution does not restrict the exercise of judicial power to actual cases and

11

controversies." State v. McCabe, 201 N.J. 34, 44 (2010) (citing State v. Gartland, 149 N.J. 456, 464 (1997)). "Occasionally, the courts will consider the merits of an issue notwithstanding its mootness where significant issues of public import appear." Davila, 443 N.J. Super. at 589 (citing Joye v. Hunterdon Cent. Reg'l High Sch. Bd. of Educ., 176 N.J. 568, 583 (2003)). In accordance with a well-established principle, we decline to do so in this matter.

We do not address the constitutional issues raised by defendant because the matter can be resolved by resort to our court rules and case law. As our Supreme Court recently stated, "[c]ourts should not reach a constitutional question unless its resolution is imperative to the disposition of litigation." State in the Interest of A.R., 234 N.J. 82, 97 (2018) (alteration in original) (quoting Randolph Town Ctr., L.P. v. Cty. of Morris, 186 N.J. 78, 80 (2006)). Consequently, "we do not address constitutional questions when a narrower, non-constitutional result is available." Ibid. (quoting USDA v. Scurry, 193 N.J. 492 n.4 (2008)). See also Slack v. McDaniel, 529 U.S. 473, 485 (2000) (recognizing a court "will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of." (quoting Ashwander v. TVA, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring))).

A-3725-17T3

Here, defendant's constitutional challenges to N.J.S.A. 2C:33-29 were not preserved in accordance with Rule 3:9-3(f) and are moot. Because we dispose of defendant's constitutional challenges on those bases, we decline to address the merits of defendant's Points II and III.

### III.

At sentencing, the trial court stated the first sentence to be served would be the prison term on count fifteen of Indictment No. 17-06-0374, and the judgment of conviction would indicate same. The judgment of conviction did not expressly state the order the sentences would be served. The State does not object to amending the judgment of conviction on Indictment No. 17-06-0374 to reflect that the sentence on count fifteen shall be served first, consistent with the court's statement at sentencing. See State v. Abril, 444 N.J. Super. 553, 564 (App. Div. 2016) ("In the event of a discrepancy between the court's oral pronouncement of sentence and the sentence described in the judgment of conviction, the sentencing transcript controls and a corrective judgment is to be entered." (citing State v. Rivers, 252 N.J. Super. 142, 147 n.1 (App. Div. 1991))).

We remand for entry of an amended judgment of conviction on Indictment No. 17-06-0374 that shall specify that the term on count fifteen shall be served

before the terms on counts three and eleven and the sentences on Indictment Nos. 17-06-0389 and 17-06-0437.

Affirmed in part and remanded in part for entry of an amended judgment of conviction on Indictment No. 17-06-0374 in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION